IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **GERALD KIRSTEIN,** | No. 1:15-CV-02329-CL |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee for the Certificate Holders of Ixis Real Estate Capital Trust 2004-HE4 Mortgage Pass-Through Certificates, Series 2004-HE4, and **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,** | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Gerald Kirstein ("Plaintiff") filed this action to challenge the non-judicial foreclosure of his property. Defendant Quality Loan Service Corporation of Washington ("Quality Loan") moves to dismiss (#5) Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, Quality Loan's motion should be DENIED.

Page 1 – **REPORT & RECOMMENDATION**

## BACKGROUND

Plaintiff is the fee simple owner of 1425 Pleasant Street in Medford, Oregon. Compl. ¶ 6. On August 19, 2004, Plaintiff received an $180,800 loan for the property which was secured by a deed of trust recorded in Jackson County. Compl. Ex. A, ¶ 7. The beneficial interest in the trust deed was assigned multiple times. Compl. ¶ 10. Those transfers were not recorded as required by Oregon law. Compl. ¶ 10. Plaintiff is now facing a non-judicial foreclosure action. Compl. ¶ 15. He seeks an order from this Court declaring the foreclosure to be wrongful and enjoining Defendants from foreclosing the deed of trust without duly recording all necessary assignments. Compl. ¶ 15.

## STANDARD

The federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). As such, the courts presume that causes of action "lie[ ] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other evidence supporting or attacking the Complaint's jurisdictional allegations. Rivas v. Napolitano, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Mavrix Photo, Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." Snell v. Cleveland, Inc., 316 F.3d 822, 828 n.6 (9th Cir. 2002).

## DISCUSSION

Plaintiff invokes diversity jurisdiction, 28 U.S.C. § 1332. Compl. ¶ 1. For this Court to exercise diversity jurisdiction over Plaintiff's action, the opposing parties must be citizens of different states and the matter in controversy must exceed "the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). Quality Loan does not dispute the parties' diversity of citizenship. Its motion focuses strictly on Plaintiff's satisfaction of the amount in controversy requirement.

Courts look to the pleadings to determine whether the amount in controversy requirement is met. Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. It must be obvious from the face of the complaint that a "rule of law or limitation of damages [makes] it virtually impossible" for the suit to involve a sum in excess of $75,000. Pachinger v. MGM Grand Hotel–Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986); see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). Dismissal is also permitted if the plaintiff alleges an amount in "bad faith" in order to invoke diversity jurisdiction. See Crum, 231 F.3d at 1131 ("The sum claimed by the plaintiff controls so long as the claim is made in good faith."). To defeat a motion to dismiss challenging the amount in controversy, the burden is on the plaintiff to set forth facts which, if true, would

prevent the trier-of-fact from concluding that the damages are below the jurisdictional limit. Barrett v. Lombardi, 239 F.3d 23, 30-31 (1st Cir. 2001).

Here, Plaintiff asks the Court to declare the foreclosure of his property to be wrongful, and to enjoin Defendants from proceeding forward until they comply with ORS Chapter 86. Compl. ¶ 11. In addition, Plaintiff seeks $1,000 in damages to compensate him for resources spent "researching the transfers and assignments of the relevant loan and deed of trust[,]" and attorney's fees and costs if he prevails. Compl. ¶¶ 14-15. Attached to the Complaint is a deed of trust securing an $180,800 loan to Plaintiff for the property. Compl. Ex. A.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Here, the parties dispute the "object" of Plaintiff's suit. Plaintiff maintains it is the property itself. Quality Loans contends "the object of the lawsuit is to protect Plaintiff's right to keep possession of his real property from being foreclosed." Def.'s Mem. in Supp. of Mot., at 6. Because Plaintiff only prayed for $1,000 in money damages, Quality Loans argues that the value of this right does not meet the jurisdictional threshold. The Court disagrees. In similar actions, courts in the Ninth Circuit have consistently interpreted the "object of the litigation" to be the at-issue property and, therefore, incorporated the property's value into the amount in controversy. See Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011), certified question answered sub nom., Chapman v. Deutsche Bank Nat'l Trust Co., 129 Nev. Adv. Op. 34 (2013) (federal district court properly determined that the object of a quiet title action was the value of the property); Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale); Woodside v. Ciceroni, 93 F. 1, 4 (9th

Cir. 1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."); Meritage Homeowners' Ass'n v. Ocwen Loan Servicing, LLC., No. 6:14 CV 01747-TC, 2015 WL 1810230, at *3 (D. Or. Apr. 17, 2015) ("Defendant correctly asserts that the object of litigation in plaintiff's Motion for Declaratory Judgment is the townhome, which the Borrowers estimated was worth $134,000 in their October 2012 bankruptcy petition."); Schickling v. Moynihan, No. 6:12-CV-385-AA, 2012 WL 5398394, at *1 n.1 (D. Or. Oct. 31, 2012) (noting "the court presumes the value of plaintiffs' property exceeds $75,000" when discussing subject matter jurisdiction over a wrongful foreclosure claim). Following this guiding case law, the Court finds that the amount in controversy here includes Plaintiff's $180,800 deed of trust. As such, the Court cannot say that it appears "to a legal certainty" that Plaintiff's claims are for less than the jurisdictional threshold. See Pachinger, 802 F.2d at 363 ("Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement."). There are no allegations of bad faith. Therefore, dismissal is not appropriate.

## RECOMMENDATION

For the reasons stated above, Quality Loan's motion to dismiss (#5) should be DENIED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See

/ / /

FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this \_\_\_19\_\_\_ day of March 2016.

MARK D. CLARKE
United States Magistrate Judge